LORETTA E. LYNCH
United States Attorney for the
Eastern District of New York
By:   MARY M. DICKMAN
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
T. (718) 254-6022
E. (718) 254-8702
Email: mary.dickman@usdoj.gov

FILED : US.
U.S DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

15 AUG 20  PM 12: 20

3:15CV-23-DJH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,                )
on behalf of its agency, the United      )
States Small Business Administration,    )
                                         )
                  Plaintiff,             )
                                         )   CV-15-____  0985
            vs.                          )
                                         )
WESTBURY EQUITY PARTNERS, SBIC, L.P.     )   WEXLER, J.
                                         )
                  Defendant.             )
                                         )            TOMLINSON, M.J.
———————————————————————

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States

Small Business Administration, by its attorney Loretta E. Lynch, United States Attorney

for the Eastern District of New York, alleges upon information and belief as follows:

### PRELIMNARY STATEMENT

1.     This is a civil action brought by the United States on behalf of the Small

Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), to enforce a

Consent Order of Receivership.

## PARTIES

2.      Plaintiff SBA's central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

3.      Defendant, Westbury Equity Partners SBIC, L.P. (hereinafter "Westbury Equity" or "Licensee"), maintains its principal place of business at 100 Motor Parkway, Suite 165, Hauppauge, New York 11788.

4.      Westbury Equity's general partner is Westbury SBIC, Inc.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, codified at 15 U.S.C. §§687(d), 687c and 687h; the Small Business Act, codified at 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

6.      Venue is proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

## STATUTORY FRAMEWORK

7.      Section 301 of the Act, 15 U.S.C. §681(c), authorizes the SBA to license qualifying entities as Small Business Investment Companies ("SBICs").

8.      Section 303 of the Act, 15 U.S.C. §683, authorizes the SBA to provide financing to licensed SBICs.

9.      Section 308(c) of the Act, 15 U.S.C. §687(c), empowers the SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations

2

of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10.     Pursuant to 15 U.S.C. § 683 and the Regulations, the SBA may provide financing to licensed SBICs in various forms, including through Participating Securities, a form of leverage. See, e.g., 13 C.F.R. §§107.1820 and 1830-1850 and 13 C.F.R. §107.507.

11.     Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensed SBIC may be forfeited and the company may be declared dissolved.

12.     Section 311 of the Act, 15 U.S.C. §687c, provides that, upon a determination by the SBA that a licensed SBIC has engaged in or is about to engage in any acts or practices that constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act, or of any order issued under the Act, then the SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such licensee.

## FACTUAL BACKGROUND

13.    On or about  November 27, 2000, the SBA licensed Westbury Equity as an SBIC pursuant to 15 U.S.C. §681(c), issuing SBA License No. 02/72-0606, which authorized Westbury Equity solely to do business under the provisions of the Act and the Regulations.

14.    Pursuant to 15 U.S.C. §683, during the period beginning in November 2000 and ending in May 2010, the SBA provided approximately $99.9 million to Westbury Equity through the purchase and/or guaranty of Participating Securities.

15.    Although a portion of these funds have been repaid, $56,525,043 in outstanding Participating Securities leverage remains owing to the SBA.

16.    The Participating Security instruments referenced in Paragraphs 14 - 15, above, are expressly subject to the Regulations, including but not limited to 13 C.F.R. §§107.1820 and 1830-1850 and 13 C.F.R. §107.507.

17.    By letter dated May 17, 2010 (the "May 17, 2010 letter"), the SBA notified Westbury Equity that, upon review of Westbury Equity's SBA Form 468, Statement of Financial Condition, for the period ending on March 31, 2010, Westbury Equity had a condition of capital impairment, as that term is defined in the Regulations, of 68.38 percent, which was greater than the maximum percentage allowed under the Regulations for licensees such as Westbury Equity, which the SBA calculated to be 60 percent, pursuant to 13 C.F.R. § 107.1850.

18.    The May 17, 2010 letter directed Westbury Equity to cure its condition of capital impairment within fifteen (15) days of the date of the letter, or the SBA would

4

impose restricted operations in accordance with the Regulations found at 13 C.F.R. §§107.1820(e)(3) and (f).

19.     Westbury Equity failed to cure its condition of capital impairment.

20.     As a consequence, Westbury Equity was transferred to the SBA's Office of SBIC Liquidation and was notified of such transfer by email and letter dated February 10, 2011. See SBA Standard Operating Procedure 10 06 Chapter 9.

21.     On or about August 4, 2011, the SBA and Westbury Equity entered into a written letter agreement ("the Agreement") implementing a liquidation, or "wind-down" plan ("the Plan").

22.     The Agreement provided that the SBA's decision to allow Westbury Equity to implement its wind-down plan was subject to the SBA's reconsideration if the Plan did not proceed substantially as projected by Westbury Equity.

23.     As partial consideration for the Agreement, Westbury Equity executed a stipulation and consent order appointing the SBA as Receiver of Westbury Equity.

24.     The stipulation and consent order referenced in Paragraph 23, above, was to be filed only (1) after January 25, 2012, and (2) in the event that the SBA determined that the Plan was no longer advisable. See Consent Order of Receivership, stipulated to by Westbury Equity on August 18, 2011, and countersigned by the Director of the SBA's Office of Liquidation on September 4, 2014, a copy of which is attached hereto as Exhibit A.

5

## COUNT ONE
## BREACH OF CONTRACT

25.     Paragraphs 1 through 24 are incorporated herein by reference.

26.     Pursuant to the Agreement entered into between Westbury Equity and the SBA on or about August 4, 2011, which Agreement incorporated the liquidation or "wind-down" Plan, Westbury Equity agreed to liquidate its assets and repay the SBA over a period of no more than 36 months. See SBA Standard Operating Procedure 10 07-1, Chapter 5.

27.     Westbury Equity has failed to comply with the terms of the Plan and to complete the terms of the Agreement.

28.     Westbury Equity's failure to comply with the Plan and complete the terms of the Agreement has damaged the SBA in the amount of the remaining outstanding Participating Securities leverage, currently totaling $56,525,043.

29.     Westbury Equity's failure to comply with the Plan and complete the terms of the Agreement violates the provisions of 13 C.F.R. 107.507 (a), *Nonperformance*, because Westbury Equity has failed to perform under a written agreement with SBA.

30.     As a consequence of Westbury Equity's failure to complete the terms of the Agreement, the SBA is entitled to entry of the Consent Order of Receivership executed by Westbury Equity.

6

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

A.      That this Court enter the Consent Order filed simultaneously herewith and grant injunctive relief, both preliminary and permanent in nature, restraining and enjoining Westbury Equity, its past or present general partner(s), managers, management company, directors, officers, agents, employees and other persons acting in concert therewith from: (1) making any disbursements of Westbury Equity's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Westbury Equity, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B.      That this Court determine and adjudicate Westbury Equity's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.      That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of Westbury Equity and all of its assets, wherever located, appoint SBA as receiver of Westbury Equity for the purpose of marshaling and liquidating the assets of Westbury Equity and satisfying the claims of creditors as approved by this Court, and such other relief as contained in the Consent Order filed herewith.

D.    That this Court grant such other relief as may be deemed just and proper.


Dated: Central Islip, New York
       February 25, 2015

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

                                    By:
                                    MARY M. DICKMAN
                                    Assistant United States Attorney
                                    271 Cadman Plaza East
                                    Brooklyn, New York 11201
                                    T. (718) 254-6022
                                    E. (718) 254-8702
                                    Email: mary.dickman@usdoj.gov


                                    ARLENE M. EMBREY
                                    Trial Attorney
                                    U.S. Small Business Administration
                                    409 Third Street, S.W., Seventh Floor
                                    Washington, D.C. 20416
                                    T: (202) 205-6976
                                    F: (202) 481-0324
                                    Email: Arlene.embrey@sba.gov