IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:15-mc-23-DJH |
| Plaintiff ) | |
| v. ) | Civ. Action No. 15-985 |
| WESTBURY EQUITY PARTNERS SBIC, L.P. ) | FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. |
| Defendant ) | ★ AUG 12 2015 ★ |

LONG ISLAND OFFICE

<u>**CONSENT ORDER OF RECEIVERSHIP**</u>

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of the Westbury Equity Partners SBIC, L.P. ("Westbury" or "licensee"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Westbury ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Westbury's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Westbury under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the

1

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Westbury are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Westbury's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Westbury and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Westbury. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of Westbury, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Westbury and all of Westbury's assets and all other assets and property of the limited partnership, whether real or personal. The general partner of Westbury shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Westbury, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Westbury, as well as the names, addresses and amounts of claims of all known creditors of Westbury. Within thirty (30) days following the entry of this Order, the general partner of Westbury shall also furnish a written report describing all assets. All persons and entities having control, custody or

possession of any assets or property of Westbury are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of Westbury, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Westbury, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Westbury had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Westbury, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. Westbury's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of Westbury, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Westbury. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) Westbury, (ii) any assets of Westbury, (iii) the Receiver for Westbury or (iv) Westbury's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with Westbury, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.



8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) Westbury, (ii) any of assets of Westbury, (iii) the Receiver for Westbury or (iv) Westbury's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for Westbury, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of Westbury against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Westbury and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Westbury to the detriment of Westbury or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

11. The Receiver is authorized to borrow up to $1,000,000 from the SBA on behalf of Westbury and is authorized to cause Westbury to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Westbury, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Westbury.

12. This Court determines and adjudicates that SBA has made a sufficient showing that Westbury has violated the Act and the Regulations, as alleged in the Complaint filed against Westbury in the instant action, to obtain the relief so requested.

13. After completing its activities in accordance with this Order, the Receiver may recommend that Westbury's license as an SBIC be revoked and that control of the limited partnership be returned to Westbury's general partner and/or its designee or successor in interest.

**SO ORDERED.**

DATED this 12TH day of AUG., 2015

s/ Leonard D. Wexler
UNITED STATES DISTRICT COURT JUDGE
CENTRAL ISLIP, NY

**SEEN, STIPULATED AND AGREED:**

Westbury Equity Partners SBIC, L.P., through its authorized representative

By: _____

Title: __C.F.O.__ of Westbury SBIC, Inc.
General Partner of the Westbury Equity Partners SBIC, L.P.

Date: 8/8/14

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris
Director, Office of Liquidation

Date: 08-04-14